# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RUDY ESPUDO *et al.*, <br><br> Defendants. | CASE NOS. 12-CR-236 - IEG <br><br> **ORDER DENYING DEFENDANT ESPUDO'S MOTION TO SUPPRESS WIRETAP EVIDENCE** <br><br> [Doc. No. 887.] |

Before the Court is Defendant Rudy Espudo's motion to suppress wiretap evidence on grounds that the February 25, 2011 wiretap affidavit (1) referenced sufficient evidence in the Government's possession to render a wiretap unnecessary and (2) establishes that co-defendants were victims, not co-conspirators. [Doc. No. 887.] For the reasons below, his motion is **DENIED.**

## BACKGROUND

This case involves charges of conspiracy, racketeering, illegal drug distribution, extortion, and money laundering in connection with the Mexican Mafia prison gang and several affiliated Sureno street gangs operating in northern San Diego County. Defendants Espudo and Gutierrez previously filed motions to suppress wiretap evidence, both of which the Court denied. [*See* Doc. No. 785 (Espudo Mtn.); 796 (Gutierrez Mtn.); 846 (Minute Order Denying Espudo Mtn.); 857 (Written Order Denying Gutierrez Mtn.).] Presently before the Court is a second motion to suppress by Espudo, filed on January 20, 2013. [Doc. No. 887.] The Government filed an opposition brief on January 28, 2013. [Doc. No. 895.] Espudo filed a reply brief on February 3,

2013. [Doc. No. 898.] The Court heard oral argument on February 6, 2013. [Doc. No. 6.]

## DISCUSSION

"Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520, allows law enforcement agencies to conduct electronic surveillance of suspected criminal activities." *U.S. v. Garcia-Villalba*, 585 F.3d 1223, 1227 (9th Cir. 2009). But "[t]his authority is not a blank check." *Id.* Before law enforcement may resort to a wiretap, they must submit affidavits showing, *inter alia*, probable cause and necessity. *Id.*

**1. Evidence Referenced in the Affidavit Rendered Wiretap Unnecessary**

Espudo argues that the Feb. 25 affidavit references sufficient evidence, already in the Government's possession, to convict Espudo of extortion, and that the evidence rendered a wiretap unnecessary. [Doc. No. 887-1 at 2.] But the focus of the wiretap affidavit was broader than simple extortion by Espudo; the affidavit also alleged drug distribution, conspiracy, extortion, and money laundering crimes by over 30 other named individuals as well as others unknown at the time of the application. [*See, e.g.*, Feb. 25 Affidavit at ¶¶14-15.] In cases such as this, "the government has a duty to extirpate conspiracy beyond its duty to prevent the mere commission of specific substantive offenses." *U.S. v. McGuire*, 307 F.3d 1192, 1198 (9th Cir. 2002). Accordingly, the Ninth Circuit has "consistently upheld findings of necessity where traditional investigative techniques lead only to apprehension and prosecution of the main conspirators, but not to apprehension and prosecution of . . . other satellite conspirators." *Id.* (quoting *U.S. v. Torres*, 908 F.2d 1417, 1422 (9th Cir. 1990). Thus, even if Espudo were correct and the wiretap was unnecessary to convict him individually of extortion, it would not render the wiretap unnecessary as to the many other named individuals and criminal activity.

**2. Co-Defendants Were Victims, Not Co-Conspirators**

Espudo also argues that the Feb. 25 affidavit establishes that the co-defendants were victims of Espudo's extortion, not willful co-conspirators. Again, Espudo's premise is inconsequential; even if the co-defendants are "victims," nothing prevents them from also being willful co-conspirators. On its face, surely criminals can also be victims, even in the conspiracy context. The Ninth Circuit has recognized as much in a variety of contexts. *See, e.g., U.S. v. Kotun*, 479 Fed. App'x 754, 755 (9th Cir. July 3, 2012) ("co-conspirators can be victims,

- 2 -

12cr236

justifying enhancement under Sentencing Guidelines") (citing *U.S. v. Vought*, 69 F.3d 1498, 1502 (9th Cir. 1995)). Moreover, the present case charges a wide range of criminal conduct within several prisons and spanning a swath of San Diego County and months of investigation. Given the breath of the conspiracy as alleged, even if a defendant/victim is not a co-conspirator to certain conduct or a certain count, that defendant/victim could still be a willful co-conspirator to other conduct or counts within the scope of the conspiracy targeted by the wiretap.

Espudo provides no case law to the contrary, much less support for his assertion that the "willfulness" element of a conspiracy charge is necessarily incompatible with a victim's "extorted state of mind." [Doc. No. 898 at 3.][1] Nor does he explain what would constitute a "victim" or an "extorted state of mind" in this context, or how either would undercut probable cause as to willfulness. [*Id.*] Even if status as a "victim" does weigh against a finding of willfulness, that lone consideration is more than counterbalanced by the substantial evidence incorporated in the Feb. 25 application weighing in favor of a finding of willful participation, *e.g.*, defendants' knowledge of the conspiracy, profit motive, realized benefits, and an experienced affiant's opinion as to the same. At bottom, Espudo's argument finds purchase in neither case law nor common sense, but instead rests precariously on an illusory incompatibility between status as a victim and status as a co-conspirator.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Espudo's motion to suppress.

**IT IS SO ORDERED.**

**DATED:** February 21, 2013

*Irma E. Gonzalez*
**IRMA E. GONZALEZ**
**United States District Judge**

---

[1] The lone case Espudo cites in support is inapposite. [Doc. No. 898 at 3 n.4.] In *Pedrina v. Chun*, the Ninth Circuit held that a mayor who received campaign donations from a criminal enterprise, but did not otherwise participate "in the operation or management of the enterprise itself," was not liable under RICO. 97 F.3d 1296, 1300 (9th Cir. 1996). It does not address whether the mayor was a "victim" in any sense, much less whether that would affect his status as a co-conspirator. *Id.*